# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WILLIAM GARAMELLA,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0571** (BOR Appeal No. 2056323)
(Claim No. 2019022787)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Garamella, by Counsel J. Thomas Greene Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Murray American Energy, Inc., by Counsel Aimee M. Stern, filed a timely response.

The issues on appeal are medical and temporary total disability benefits. The claims administrator denied authorization of physical therapy and a consultation with Adam Tune, M.D., on July 7, 2020. On August 7, 2020, the claims administrator closed the claim for temporary total disability benefits. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its January 29, 2021, Order. The Order was affirmed by the Board of Review on June 16, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Garamella, a coal miner, injured his abdomen on April 27, 2019, while pulling mesh from under a rail car. A treatment note from Wheeling Hospital Emergency Room that day indicates Mr. Garamella presented with abdominal pain. He reported that he was at work when he felt a popping sensation in his lower abdomen. Jatinder Singh, M.D., diagnosed musculoskeletal and abdominal pain. In a treatment note, C. Clark Milton, M.D., noted that Mr. Garamella was seen in the emergency room that day and was evaluated for acute appendicitis, which was not found. Mr. Garamella was treated for an abdominal groin strain.

Mr. Garamella was treated at Hudson Premier Physical Therapy for right hip strain and strain of the adductor muscle, fascia, and tendon of the right thigh on May 8, 2019. On May 9, 2019, the claim was held compensable for strain of the muscle, fascia, and tendon of the abdomen. Temporary total disability benefits were granted from April 28, 2019, through May 15, 2019.

In a June 4, 2019, treatment note, Dr. Milton noted that Mr. Garamella continued physical therapy for groin and lower abdominal pain. Mr. Garamella reported improvement in his range of motion. Dr. Milton's impressions were subjective improvement in range of motion and resolution of gastrointestinal symptoms. Dr. Milton opined that Mr. Garamella could return to work on June 17, 2019. Temporary total disability benefits were suspended on June 17, 2019, because Mr. Garamella was released to return to work.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on June 17, 2019, in which he found that Mr. Garamella had reached maximum medical improvement for his abdominal strain and needed no further treatment. He assessed 0% whole person impairment. The claim was closed for temporary total disability benefits on July 16, 2019.

A January 9, 2020, treatment note from Wheeling Hospital Emergency Room indicates Mr. Garamella was seen after lifting a six gallon barrel at work and pulling his right groin. He reported that he had pulled his right groin in the past. He was diagnosed with right groin strain and left hydrocele. An ultrasound was performed that day and showed normal testicles with a small amount of complex fluid in the left scrotal sac.

2

In a January 10, 2020, treatment note, Ross Tennant, N.P., treated Mr. Garamella for pain radiating to the right testicle. Mr. Garamella noted that he had a previous right groin strain as a result of an occupational injury. Mr. Tennant diagnosed right hip adductor muscle strain and recommended physical therapy. Mr. Garamella was treated at Hudson Premier Physical Therapy on January 14, 2020. The plan was for sessions three times a week for four weeks. The claim was reopened for temporary total disability benefits on January 14, 2020. A right hip x-ray was performed on January 17, 2020, for a groin injury the previous Thursday while Mr. Garamella was carrying something heavy. The impression was no acute abnormalities.

In a February 7, 2020, treatment note, Mr. Tennant stated that the treatment with physical therapy had improved Mr. Garamella's pain, though he still had some pain with repetitive activity. The diagnosis was right hip abductor muscle strain, and it was noted that Mr. Garamella was unable to return to work. Mr. Garamella returned on February 14, 2020, and stated that he had increased right groin pain since his physical therapy had been advancing. Mr. Tennant stated that Mr. Garamella could return to work on February 17, 2020, with the restrictions of no lifting, pushing, or pulling over ten pounds. On February 28, 2020, Mr. Garamella returned and stated that his right groin pain was worse than it had ever been. Mr. Tennant diagnosed right hip abductor muscle strain and lumbar strain with radiculopathy. It was noted that there had been no relief provided by physical therapy. Mr. Tennant opined that the pain may be the result of a radicular back issue and recommended physical therapy. Lumbar x-rays taken that day showed mild degenerative changes. Mr. Tennant recommended an MRI and opined that Mr. Garamella was not able to return to work at that time.

A lumbar MRI was performed on April 3, 2020, and revealed a chronic left L5-S1 paracentral disc herniation that could compromise the left S1 nerve root and a mild disc bulge and small annular tear at L4-5, but there were no specific findings to explain the right lower extremity radiculopathy.

In an April 10, 2020, treatment note, Mr. Tennant noted that Mr. Garamella still had significant lower back pain that radiated to the right thigh. It was noted that he was not working. The diagnoses were right hip abduction muscle strain, lumbar strain with radiculopathy, chronic L5-S1 disc herniation, and mild disc bulge and annular tear at L4-5. Mr. Tennant recommended a consultation at WVU Neurosurgery. Mr. Garamella was to continue physical therapy and was unable to return to work. Mr. Garamella returned on May 21, 2020, and stated that despite finishing his strengthening and conditioning program, he still had significant lower back pain that radiated to the right groin as well as numbness and tingling in the right foot. The diagnoses remained the same, and Mr. Garamella remained unable to work. A May 27, 2020, Attending Physician's Report indicates Mr. Garamella was not at maximum medical improvement, and the estimated period of disability was from May 27, 2020, through June 8, 2020.

David Cohen, M.D., with Wheeling Neurosurgery, stated in a June 8, 2020, treatment note that Mr. Garamella presented with lower back pain that radiated to the bilateral legs and into the right foot for approximately six to seven months. Dr. Cohen diagnosed chronic bilateral low back

3

pain with bilateral sciatica, lumbar radiculopathy, and bulging disc without myelopathy. Surgery was not recommended, and Mr. Garamella was referred to pain management.

On June 9, 2020, Mr. Tennant stated that he would seek authorization for a consultation with Dr. Tune, a pain medicine specialist. Mr. Garamella was to resume physical therapy and remained unable to work. A Disability Status Form was completed indicating Mr. Garamella could not perform work activity of any kind until approximately July 9, 2020. A June 10, 2020, Attending Physician's Report indicates Mr. Garamella was not at maximum medical improvement and would be disabled from June 9, 2020, through July 10, 2020.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on June 30, 2020, in which he diagnosed resolved abdominal strain. He opined that Mr. Garamella's current complaints were not the result of the compensable injury and were also unrelated to the exacerbation he experienced in January of 2020. It was noted that Mr. Garamella had a prior back injury and a significant amount of pre-existing degenerative spondyloarthropathy. Dr. Mukkamala opined that Mr. Garamella's current symptoms were the result of the preexisting spondyloarthropathy. He further opined that Mr. Garamella had reached maximum medical improvement and required no further treatment. Dr. Mukkamala stated that referral to a pain clinic would be to address the pre-existing condition and not the compensable injury. He assessed 0% impairment.

On July 7, 2020, the claims administrator denied authorization of physical therapy and a consultation with Dr. Tune. The claims administrator closed the claim for temporary total disability benefits on August 7, 2020. On July 9, 2020, Mr. Tennant stated in a treatment note that Mr. Garamella had seen no improvement since his previous examination. The diagnoses remained right hip adductor muscle strain, lumbar strain with radiculopathy, chronic L5-S1 disc herniation, and mild disc bulge with annular tear at L4-5. Mr. Garamella remained unable to work. Mr. Tennant completed a Disability Status Form stating that Mr. Garamella was unable to perform work of any kind.

In a treatment note, Dr. Tune diagnosed lumbar disc displacement without myelopathy, lumbosacral disc degeneration, lumbosacral radiculitis, and disc annular tear on July 20, 2020. On that same day, Mr. Garamella returned to Mr. Tennant complaining of significant lower back pain that radiated into the right thigh. It was noted that Mr. Garamella was scheduled for lumbar epidural steroid injections. He was not working and did not believe he would be able to perform any of his job functions at that time. Mr. Tennant completed an Attending Physicians' Report on July 20, 2020, stating Mr. Garamella was not at maximum medical improvement and would be disabled from July 20, 2020, to October 20, 2020.

A lumbosacral MRI was performed on July 27, 2020, and showed postoperative changes at L5-S1 but no recurrent disc herniation. The claim was closed for temporary total disability benefits on August 7, 2020. Mr. Garamella underwent lumbar x-rays on August 26, 2020, which showed lumbar degenerative changes that remained stable when compared to the June 23, 2016, x-rays.

Mr. Garamella testified in a September 23, 2020, deposition that following his initial injury he underwent physical therapy and returned to work. On January 9, 2020, Mr. Garamella reinjured his back while lifting at work. His claim was reopened, and he started receiving temporary total disability benefits. Mr. Tennant has not released him to return to work, and he still has pain in his back and down his legs. Mr. Garamella testified that between his initial injury and the date he first returned to work, June 17, 2019, he did not experience any back pain.

Mr. Tennant testified in a deposition on October 28, 2020, that Mr. Garamella initially developed right groin strain as a result of the compensable injury. About six months later he developed lower back pain with radiculopathy. Mr. Garamella underwent physical therapy but saw no improvement. Dr. Tune evaluated Mr. Garamella but saw no surgical options and instead recommended steroid injections. Mr. Tennant opined that the lumbar MRI findings were degenerative in nature. He stated that Mr. Garamella still required treatment and was still temporarily and totally disabled. Mr. Tennant testified that it was possible Mr. Garamella's current symptoms were the result of his prior low back problems rather than the compensable injury. He noted that the MRI showed degenerative changes and stated that his request for a referral to the pain clinic was for the diagnoses of L5-S1 disc herniation and L4-5 disc bulge. Mr. Tennant testified that Mr. Garamella was unable to work due to pain, the L5-S1 disc herniation, and the L4-5 disc bulge.

In its January 29, 2021, Order, the Office of Judges affirmed the claims administrator's decisions denying authorization for a request for a consult with Dr. Tune as well as physical therapy and closing the claim for temporary total disability benefits. It found that Dr. Mukkamala stated in his evaluation that the compensable condition in the claim is abdominal strain and that Mr. Garamella had reached maximum medical improvement for that condition. Dr. Mukkamala found that Mr. Garamella's current complaints of low back pain are the result of pre-existing degenerative changes and not the compensable injury. Dr. Mukkamala noted that Mr. Garamella had a prior back injury and a significant degree of degenerative pre-existing spondyloarthropathy. The Office of Judges found his opinion to be persuasive and supported by the evidence of record. It therefore concluded that the consultation with pain management specialist Dr. Tune as well as additional physical therapy were not necessary treatment for a compensable condition in the claim.

Regarding the closure of the claim for temporary total disability benefits, the Office of Judges stated that Mr. Garamella was found to be at maximum medical improvement by Dr. Mukkamala on June 30, 2020. Further, Mr. Tennant testified that Mr. Garamella was unable to return to work due to non-compensable conditions. Mr. Tennant also testified that the referral to Dr. Tune and request for additional physical therapy were made to treat Mr. Garamella's low back and radicular issues. He believed Mr. Garamella's current symptoms were the result of his non-compensable pre-existing degenerative issues. The Office of Judges found Mr. Tennant's testimony to be persuasive and concluded that a preponderance of the evidence shows Mr. Garamella reached maximum medical improvement for his compensable injury. He is therefore not entitled to further temporary total disability benefits. The Board of Review affirmed the Office of Judges' Order on June 16, 2021.

5

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Pursuant to West Virginia Code § 23-4-7a, temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first.

A preponderance of the evidence indicates that the requested treatment and additional temporary total disability benefits are not necessary for a compensable condition in the claim. The evidence shows that Mr. Garamella's current symptoms are the result of pre-existing non-compensable degenerative changes and not the compensable injury. Further, he appears to have reached maximum medical improvement for his compensable injury. Therefore, we affirm the denial of authorization for a request for a consult with Dr. Tune, as well as physical therapy, and closure of the claim for temporary total disability benefits.

Affirmed.

**ISSUED: April 5, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

6